*Southern District*

No. 37613

## JAMES CLERKIN

v.

## PAUL J. HAILER

Argued: Nov. 29, 1967     Decided: Jan., 1968

*Present:* Nash, P.J., and Cox, Murphy, J.J.

Case tried to *Tamkin, J.,* in the Second District Court of Plymouth, No. 37613

MURPHY, J.   The established report states

that, "This is an action of contract in which the plaintiff seeks to recover the sum of $2,-500.00 that he expended on behalf of the defendant, relying on the defendant's promise to reimburse him for monies expended in the performance of a service for the benefit of said defendant".

Count II of the plaintiff's declaration states:

"On the representation of the defendant, Paul Hailer, the plaintiff did perform and did liquidate debts of the brother, Frederick Hailer. The plaintiff was induced by these representations of the defendant, Paul Hailer, not only to perform the acts required, *i.e.* to compromise and liquidate some of the debts of the defendant, Paul Hailer's brother, Frederick Hailer....."

The defendant's answer states:

"And further answering the defendant says that if he failed to perform any of his agreements contained in the instruments referred to in the plaintiff's declaration, he was excused from the performance of such agreements."

The plaintiff filed the following requests for rulings, all of which were denied.

"On all the evidence, the plaintiff has sustained the burden of proof by the fair preponderance of evidence that there was a contract between the plaintiff and the defendant, and that there was valid con-

sideration, full performance and/or its equivalent by the plaintiff and breach of said contract by the defendant and judgment should be for the plaintiff.''

''On all the evidence, the consideration can be and should be conclusively presumed by the performance of the plaintiff, as well as the issuance of a check by the now defendant in Count II of the plaintiff's declaration in the companion action, Docket No. 32192 whereas the now defendant is an officer of the corporate entity that is the Colonial Drug Co. of Scituate, Inc., and with an approval of another officer of the corporation showing therefor a vote of the majority did have the authority and did issue a check to the defendant in the amount of $1,500.00.

''On all the evidence, the Court can and should find a conditional promise also consideration sufficiently so that a judgment should be for the plaintiff.

''Where the defendant says that the contract or agreement upon which the plaintiff's action is based is not in writing and signed by the defendant or some person lawfully authorized by the defendant as provided by M.G.L.A. c. 259, the plaintiff states that this action is taken out of the statute by partial payment. Evidence of such partial payment has been and is in-

cluded as a part of the declaration in the companion action of Colonial Drug Co. of Scituate, Inc. v. James Clerkin, the herein named plaintiff.''

The justice sitting found the following facts:

"The court finds that the defendant Paul Hailer and the defendant Colonial Drug Company of Scituate, owe no money to the plaintiff; that in fact the plaintiff owes $1,500.00.''

The foregoing, including the findings of fact, is all the material evidence.

The case was reported to the Appellate Division because the plaintiff claimed to be aggrieved by the denial of his requests for rulings of law.

The finding of fact made by the judge that no money was owed to the plaintiff, and that in fact the reverse was true, is conclusive and this finding imports a finding of all the subsidiary facts necessary to support it. The general and special findings of a judge in an action at law are to stand if warranted in law upon any possible view of the evidence. *Kennedy Brothers* v. *Bird,* 287 Mass. 477 and *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139.

On the record before us as shown by the established report, we can find no prejudicial error in the denial of the plaintiff's requests for rulings.

An order should be entered dismissing the report.

GEORGE M. TULL.
  of Quincy, for plaintiff
COHN, RIEMER & POLLACK
  of Boston, for defendant